KAREN McGUIRE, Appellant, *v.* WELFARE DIVISION OF THE STATE DEPARTMENT OF HUMAN RESOURCES, Respondent.

No. 15416

April 8, 1985                  697 P.2d 479

*James Fallman,* Sparks, for Appellant.

*Brian McKay,* Attorney General; *Wilbur H. Sprinkel,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court terminating parental rights. For the reasons expressed below, we reverse that portion of the district court's order which terminates the parental rights of appellant, Karen McGuire.[1]

In 1978, Karen McGuire and her seven-year-old daughter, Lorenda, moved from California to Nevada. On October 11,

---

[1]The district court's order also terminates the parental rights of the minor child's legal father, George Wilson McGuire, and putative father, Donald Anater. Neither the legal father nor the putative father has appealed. Accordingly, the district court's order terminating their parental rights remains in full force and effect.

1978, Karen sustained serious injuries in an automobile accident. During Karen's stay at the hospital, Lorenda was placed in the custody of the Washoe County Welfare Department and on December 8, 1978, Lorenda was placed with the Nevada State Welfare Division (hereinafter referred to as the State).

After Karen was released from the hospital, she informed a social worker assigned to Lorenda's supervision that she intended to move back to California. The social worker informed Karen that a working agreement would have to be developed before Lorenda could be returned to Karen's custody.

Through 1979 and part of 1980, Karen made trips from California to Nevada to visit Lorenda. Her ability to visit her child was restricted, however, by the fact that she was receiving welfare in California and she had limited funds. Although Karen made several visits, she was never presented with a written case plan detailing the steps she would have to take in order to regain custody of Lorenda. As time passed, friction developed between Karen and the social worker.

On October 28, 1980, the State filed a petition to terminate parental rights. After hearing trial testimony from several witnesses, the district court concluded that Lorenda was a "neglected child" and accordingly terminated Karen's parental rights.

On appeal, Karen asserts that the State failed to present clear and convincing evidence at trial to demonstrate that Lorenda was a "neglected child" pursuant to the definition of that term as set forth in NRS 128.014(1) and (2). This statute reads in pertinent part:

> "Neglected child" includes a child:
> 1. Who lacks the proper parental care by reason of the fault or habits of his parent, guardian or custodian;
> 2. Whose parent, guardian or custodian neglects or refuses to provide proper or necessary subsistence, education, medical or surgical care, or other care necessary for his health, morals or well being. . . .

Both parties agree that at least clear and convincing evidence of neglect is required to uphold the termination of Karen's parental rights. See Santosky v. Kramer, 455 U.S. 745 (1982).

In Champagne v. Welfare Division, 100 Nev. 640, 691 P.2d 849 (1984), this court set forth the following principles applicable to the process of terminating parental rights:

> We have held that one who institutes termination proceedings must be able to prove clearly and convincingly that there

are both jurisdictional and dispositional grounds for termination. This means, first, that the parent must have provided some cause for the termination. Specific grounds— abandonment, abuse, neglect, unfitness, certain forms of incapacity or failure to adjust—must support a conclusion of parental unsuitability before termination of parental rights can be justified.

Jurisdictional grounds are not enough; it still must be shown that the child's interest would be better served by termination than continuation of the natural parent's relationship; or, as we put it, if under no reasonable circumstances the child's best interest can be served by sustaining the parental tie, the second requirement, the dispositional ground, has been fulfilled.

Champagne v. Welfare Division, *supra* at 640, 691 P.2d at 865.

In reviewing the record, we conclude that the requirements outlined in *Champagne* were not met in the present case because the State failed to prove clearly and convincingly the threshold jurisdictional grounds required to effectuate a termination of parental rights. None of the evidence adduced at trial clearly demonstrates that Lorenda lacked proper parental care by reason of the fault or habits of Karen. Nothing in the record demonstrates that Karen refused to provide necessary subsistence, education, medical or surgical care for her daughter. Indeed, one of the State's own witnesses testified that Karen had not neglected Lorenda.

Since the degree and duration of parental fault necessary to establish jurisdictional grounds for the termination of Karen's parental rights have not been established on the record by clear and convincing evidence, the district court's order terminating Karen's parental rights cannot be upheld. *See* Santosky v. Kramer, *supra;* Champagne v. Welfare Division, *supra.* There is, therefore, no need to address the dispositional grounds required for termination of parental rights. Accordingly, we hereby reverse the district court's order terminating the parental rights of Karen McGuire.[2]

SPRINGER, C. J., MOWBRAY, GUNDERSON, and STEFFEN, JJ., and ZENOFF, Sr. J., concur.

---

[2]The Governor designated THE HONORABLE DAVID ZENOFF, Senior Justice, to participate in the consideration of this case pursuant to Nev. Const., art. 6 § 4. THE HONORABLE C. CLIFTON YOUNG, Justice, did not participate in the consideration of this case.